UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PERNELL POLLARD                                CIVIL ACTION

VERSUS                                         NUMBER: 06-3941

MARLIN GUSMAN, SHERIFF, ET AL.                 SECTION: "B"(5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding, which was originally initiated in the United States District Court for the Middle District of Louisiana and was thereafter transferred to this Court, was filed in forma pauperis ("IFP") by pro se plaintiff, Pernell Pollard, against defendants, Marlin Gusman, Criminal Sheriff for the Parish of Orleans, and other unidentified deputies in the Sheriff's employ. (Rec. doc. 4). Plaintiff, who was an inmate of the Orleans Parish Prison when Hurricane Katrina struck on August 29, 2005, complained of the conditions of that jail in the aftermath of that occurrence. (Id.). Plaintiff was housed at the Allen Correctional Center at the time that the instant suit was

filed. (Id. at p. 2).

On August 9, 2006, the Court granted plaintiff's application to proceed IFP. (Rec. doc. 3). A copy of the Court's order granting plaintiff's application to proceed IFP was mailed to him at his address of record but was subsequently returned to the Clerk's Office on August 22, 2006 with a notation that plaintiff was no longer housed at that facility. (Rec. doc. 5). It has now been over thirty days since that mail was returned as undeliverable.

Local Rule 11.1E provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to apprise the court of any address change." Local Rule 41.3.1E further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." The foregoing Rules impose an affirmative obligation on parties to keep the court apprised of their current mailing addresses and relieves court personnel of that burden. The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the

parties or their counsel will be conducted principally by mail." Perkins v. King, 759 F.2d 19 (5th Cir. 1985)(table).

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1E.  Plaintiff acknowledged his obligation in that regard when he signed his complaint, the thirteenth page of which states that "I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed."  (Rec. doc. 4, p. 13).  The Court must therefore assume that plaintiff has no further interest in prosecuting this case.  As plaintiff is proceeding pro se in this matter, this failure is attributable to him alone.

### RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1E and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that Such

consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  13th  day of ___October___, 2006.

_____
UNITED STATES MAGISTRATE JUDGE